DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-82-FDW

| | |
|---|---|
| KENNETH HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| RAVEN MACK, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se

Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1).  See 28 U.S.C. § 1915(e).

## I.      BACKGROUND

Pro se Plaintiff Kenneth Hayes is a state court inmate, currently incarcerated at

Lanesboro Correctional Institution.  On February 20, 2014, Plaintiff filed the instant Complaint

in this Court pursuant to 42 U.S.C. § 1983.  Plaintiff has named as the sole Defendant Raven

Mack, identified as a correctional officer at Lanesboro.  Plaintiff essentially alleges that on

November 14, 2013, Defendant sprayed Plaintiff with mace in his eyes, nose, and mouth without

provocation and for no reason, thus violating Plaintiff's Eighth Amendment right not to be

subject to cruel and unusual punishment.  See (Doc. No. 1 at 5).

## II.      STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore,

under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

As noted, Plaintiff contends that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of

-2-

causing harm." <u>Albers</u>, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175, 1178-79 (2010). In <u>Wilkins v. Gaddy</u>, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in <u>Hudson</u>, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

<u>Id.</u> at 1178-79 (citations omitted).

Here, accepting Plaintiff's allegations in the Complaint as true and drawing all inferences in Plaintiff's favor, the Court finds that Plaintiff has stated an Eighth Amendment claim against Defendant Mack sufficient to survive initial review.

## IV.    CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.[1]

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Complaint, (Doc. No. 1), survives initial review under § 1915(e) and 28

---

[1] Despite that Plaintiff's allegations survive initial review under Section 1915(e), Defendant may still be entitled to pursue dismissal based on any applicable affirmative defenses.

U.S.C. § 1915A.

2.   The Clerk shall send Plaintiff a summons to fill out so that service may be made on

Defendant.  Once the Court receives the summons, the U.S. Marshal shall effectuate

service on Defendant at the address provided by Plaintiff.


Signed: April 7, 2014


Frank D. Whitney
Chief United States District Judge